IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PERCY GATES, ET AL.                                         PLAINTIFFS

VS.                              CIVIL ACTION NO. 1:06CV1193HSO-JMR

CROWLEY LINER SERVICES, INC., ET AL.                  DEFENDANTS

## ORDER AND REASONS OF DISMISSAL WITHOUT PREJUDICE

THIS MATTER COMES BEFORE THE COURT *sua sponte*, for dismissal of the above captioned cause.   Upon consideration of the record and pleadings on file, the relevant legal authorities, and for the reasons discussed below, the Court finds that this civil action and the claims of all Plaintiffs named herein, including Percy Gates, Jackie Nickels, Leonard T. Marbry, III, Charles J. Meyer, David A. Lindsey, Danny E. Alderman, Rosemary J. Bacuzzi, Brian J. Bacuzzi, and Glenn Chatham should be dismissed without prejudice.[1]

On July 5, 2007, the Court entered an Order consolidating all discovery and non-dispositive matters involving the remaining named Plaintiffs in the above captioned cause with *Charlotte Williams v. Crowley Liner Services*, Cause No. 1:06cv658. [27-1]. Following an in-person status conference, Chief United States Magistrate Judge John Roper entered the following order in *Williams v. Crowley:*

---

[1] Plaintiffs Gene E. Nickels and Raquel Nickels moved for and were granted a Voluntary Dismissal without prejudice by Order entered June 14, 2007.

> The Court finds that on or prior to September 21,2007, with respect to the cases of *Bohlke v. Chiquita,* case civil action number 1:06cv974BAF-JMR and *Gates v. Chiquita,* civil action number 1:06cv1193BAF-JMR that these matters should be severed.  <u>Plaintiffs are ordered to file complaints in the new civil actions and pay filing fees for each severed case</u>. The Clerk of Court is ordered to sever these matters as new complaints are filed. On or prior to Spetember [sic] 21, 2007, Plaintiff is ordered to file a <u>Motion to Dismiss with prejudice as to any case within the aforementioned matters that is not severed</u>.

Ct. Order (September 4, 2007)(emphasis supplied).

The Plaintiffs in this case did not comply with this deadline.  Subsequently, Plaintiffs moved for and were granted additional time to file individual complaints:

> TEXT ORDER ONLY granting Motion for Extension of Time to File Individual Complaints. <u>Plaintiff must file the individual complaint on or prior to February 1, 2008</u>.  No further written order shall be issued by this Court.

Ct. Order (January 9, 2008)(emphasis supplied).

The Court's Orders were explicit.  Plaintiffs in this case were directed to file separate, individual complaints, or file a motion to dismiss as to any case they did not intend to pursue.  Plaintiffs did neither.  On February 20, 2008, Crowley filed a Motion to Dismiss with Prejudice [31-1] stating in part that "Plaintiffs have willfully failed to comply with Judge Roper's Order dated September 4, 2007, to dismiss their claims with prejudice or to file individual complaints. . . .  Crowley respectfully requests that this Honorable Court enter an Order of Dismissal With Prejudice against the remaining Plaintiffs, Percy Gates, Jackie Nickels, Leonard T. Marbry, III, Rosemary J. Bacuzzi and Brian J. Bacuzzi." Crowley's Mot. to Dismiss with Prejudice at p. 3.

On February 21, 2008, Plaintiffs filed a Motion to Dismiss without Prejudice [34-

1] requesting once again that the Court not require that individual complaints be filed:

> [i]n spite of the best efforts of Honorable Jim Davis, some of the Plaintiffs herein have failed to maintain regular contact with Honorable Jim Davis, and have only sporadically, if at all, made any effort to assist in the pursuit of their claims herein. Some of said Plaintiffs have repeatedly failed or refused to keep appointments with Honorable Jim Davis, or to respond to correspondence from Honorable Jim Davis requesting information necessary to support their claims herein.  The statute of limitations has not yet expired for the Plaintiffs herein.  Honorable Jim Davis seeks to preserve his right to file individual complaints within the statute of limitations time frame.

Pls.' Mot. to Dismiss at pp. 1-2.

Plaintiffs offered this same reasoning for not complying with the Court's Order or filing individual complaints in their March 10, 2008, Response to Defendants' Motion to Dismiss with Prejudice [37-1]. *See* Resp. to Mot. to Dismiss at pp. 1-2.

On July 14, 2008, ten months after Plaintiffs were first directed to file separate complaints, the undersigned entered an Order [39-1] again directing counsel for Plaintiffs to either file individual complaints, or inform the Court if Plaintiffs were electing to not file the individual cases, no later than July 21, 2008.  The Court's Order was clear, and did not offer Plaintiffs the option of instead filing a motion for a stay. Plaintiffs were advised that failure to abide by the terms of the Order could result in a dismissal with prejudice.   Plaintiffs instead filed a Motion to Stay on July 21, 2008. By Order dated July 24, 2008, the Court denied their Motion, noting that Plaintiffs had not complied with the clear terms of the previous July 14, 2008, Order.

Notwithstanding the fact that Plaintiffs had been afforded ample additional time and numerous opportunities to file individual complaints, the Court, in denying

Plaintiffs' Motion to Stay, advanced counsel for Plaintiffs one final opportunity to file individual complaints on behalf of the remaining Plaintiffs. The Court imposed a deadline of July 31, 2008, for Plaintiffs to file individual complaints. Counsel was warned once again that failure to abide by the terms of the Order would result in dismissals with prejudice. The Court's last directive constituted the fourth opportunity it has given Plaintiffs to file individual complaints in nearly one year's time.

On July 29, 2008, counsel for Plaintiffs filed a Motion to Stay/and for Extension of Time to File Responses to Crowley's Motion for Summary Judgment. As of July 31, 2008, and to date, Plaintiffs have still not filed individual complaints. The Court finds once more that its previous Orders were clear and did not offer counsel the option of a stay in lieu of filing individual complaints. The Court has at all times been willing to consolidate any of these remaining individuals' separate cases with other Plaintiffs' causes of action currently pending in this Court, had individual complaints been filed. As these Plaintiffs have not asserted their claims by filing individual complaints, the Court finds that the above captioned cause should be dismissed.

FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *See Link v. Wabash Railroad*, 370 U.S. 626, 631 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(*citing McCullough v.*

*Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Link, supra*, 370 U.S. at 629-30; *see also Hand v. UNUM Provident Corp.*, 202 Fed. Appx. 689, 694 (5th Cir. 2006).

A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court.  *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).  On appeal, a decision to dismiss under Rule 41(b) is limited to reversal for abuse of discretion.  *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Rogers ex rel. Rogers v. Metropolitan Transit Authority Metrolift,* 111 Fed. Appx. 782 (5th Cir. 2004); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).

In light of the record as a whole in this case, the Court is inclined to dismiss the above captioned cause with prejudice; however, due to the present posture of the case, specifically the recent dispositive filings made by Defendants, namely the Motions for Summary Judgment and for Dismissal based on Preclusion, the Court is of the opinion that this case, all Plaintiffs and their respective claims, should be dismissed without prejudice.

The Court has expressed on numerous occasions that the administration of the container cases, although voluminous in number, is best served by considering individual complaints of each Plaintiff.  The Court will not permit these nine Plaintiffs to proceed under one blanket Complaint, without asserting individual claims, circumstances and damages.  The Court therefore reiterates that this Order does not preclude each individual Plaintiff from tendering to the Clerk the requisite filing fee in order to file an individual complaint.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, this civil action and the claims of Percy Gates, Jackie Nickels, Leonard T. Marbry, III, Charles J. Meyer, David A. Lindsey, Danny E. Alderman, Rosemary J. Bacuzzi, Brian J. Bacuzzi, and Glenn Chatham contained in the Complaint filed in the above captioned cause should be and are hereby **DISMISSED WITHOUT PREJUDICE**.  All pending motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED,** this the 6th day of August, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE